**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4087**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID ALEJANDRO HULSE-EBANKS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:08-cr-00140-RBS-FBS-1)

Submitted:  September 24, 2009      Decided:  October 26, 2009

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, Norfolk, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Randy Stoker, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Hulse-Ebanks pled guilty to unlawful reentry by a previously deported felon, 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to seventy-two months in prison. He now appeals his sentence. We affirm.

I

Hulse-Ebanks first contends that he was denied his right of allocution, Fed. R. Crim. P. 32(i)(4)(A)(ii), because the district court pronounced sentence prior to affording him the opportunity to address the court. We disagree.

At sentencing, the court first found that the advisory Guidelines range had been correctly calculated. Next, the court addressed in detail the 18 U.S.C. § 3553(a) (2006) sentencing factors and their application to this case. Finally, the court concluded that a sentence of seventy-two months was "sufficient but not greater than necessary to comply with the purposes of" § 3553. The court then stated, "Before the court finalizes any sentence that it imposes, the defendant . . . may . . . make any statement to the court that he wishes to make." Hulse-Ebanks addressed the court. The court then sentenced him to seventy-two months in prison. In pronouncing sentence, the court stated that it had considered his statement.

2

We conclude that Hulse-Ebanks was not denied his right of allocution. Rather, while the district court announced a tentative sentence, it did not impose that sentence until after hearing Hulse-Ebanks' allocution. There was no violation of Rule 32(i)(4)(A)(ii). See United States v. Boose, 403 F.3d 1016, 1017 (8th Cir. 2005); United States v. Lopez-Lopez, 295 F.3d 165, 171 (1st Cir. 2002); United States v. Leasure, 122 F.3d 837, 840 (9th Cir. 1997).

II

Hulse-Ebanks contends that his sentence is unreasonable because it is longer than necessary to achieve the statutory goals of sentencing set forth in 18 U.S.C. § 3553(a). We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). In conducting our review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. The district court must provide an "individualized assessment" based upon the specific facts before it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009)

3

(emphasis omitted). We next "consider the substantive reasonableness of the sentence imposed." Id. At this stage, we "take into account the totality of the circumstances." Gall, 128 S. Ct. at 597.

Here, the district court followed the necessary procedural steps in sentencing Hulse-Ebanks, correctly calculating the advisory Guidelines range, performing an individualized assessment of the § 3553(a) factors as they applied to the facts of the case, and stating in open court the reasons for the sentence. We may presume that the sentence, which falls within the advisory Guidelines range, is reasonable. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Hulse-Ebanks offers no persuasive argument to rebut this presumption. We conclude that the sentence is procedurally and substantively reasonable and that the district court did not abuse its discretion in sentencing him to seventy-two months in prison.

III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4